**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anne Lindberg, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   10 C 3527 |
| Capital Management Services, LP, a Delaware limited partnership, and its general partner, CMS General Partner, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Anne Lindberg, individually and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u>

("FDCPA"), for a finding that Defendants' form debt collection letter violates the FDCPA,

and to recover damages for this violation, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: 1) the acts and transactions

occurred here; 2) Plaintiff resides here; and, 3) Defendants reside and transacts

business here.

**PARTIES**

3.      Plaintiff, Anne Lindberg ("Lindberg"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendants attempted to collect a

delinquent consumer debt allegedly owed for a delinquent consumer credit card.

4.      Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the State of Illinois and in the Northern District of Illinois.  In fact, CMS was acting as a debt collector as to the delinquent consumer debt Defendants attempted to collect from Ms. Lindberg.

5.      Defendant CMS is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant CMS conducts business in Illinois.

6.      Defendant CMS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant CMS acts as a debt collection agency in Illinois.

7.      Defendant, CMS General Partner, LLC ("CMSGP"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the State of Illinois and in the Northern District of Illinois.  Defendant CMSGP is the general partner of Defendant CMS and, in fact, CMSGP was acting as a debt collector as to the delinquent consumer debt Defendants attempted to collect from Ms. Lindberg.

8.      Defendant CMSGP is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois

2

Secretary of State, attached as Exhibit C. In fact, Defendant CMSGP conducts

business in Illinois.

## FACTUAL ALLEGATIONS

9.      Defendants sent Ms. Lindberg an initial form collection letter, dated March

18, 2010, demanding payment of a delinquent consumer debt she owed for a credit

card, which account was then alleged to be owed to Resurgent Capital Services, LP.

Specifically, the letter stated that the "Current Creditor" was "RESURGENT CAPITAL

SERVICES, LP" and that Defendants had been engaged by "Resurgent Capital

Services, LP, the servicer" of her account. A copy of this letter is attached as Exhibit C.

10.     Although Resurgent Capital Services may, in fact, be the "servicer" of the

account, it is not the owner of the account, nor is it the "CURRENT CREDITOR", rather

bad debt buyer LVNV Funding, LLC, is actually the owner and current creditor.

11.     All of Defendants' collection actions at issue in this matter occurred within

one year of the date of this Complaint.

12.     The language Defendants used in their form collection letter to Ms.

Lindberg is to be interpreted under the "unsophisticated consumer" standard. See,

Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Creditor

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692g of the FDCPA requires that, within 5 days of Defendants'

first communication to a consumer, Defendants must provide the consumer with an

effective validation notice, containing, among other disclosures, "(2) the name of the

creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

15.     Defendants' form collection letter fails to state correctly the name of the current creditor.  Accordingly, Defendants' March 18, 2010 letter (Exhibit C) fails to advise Ms. Lindberg effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

16.     Defendants' violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA -**
**Making A False Statement**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692e of the FDCPA prohibits Defendant s from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

19.     Defendants' form collection letter falsely stated that Resurgent Capital Services, LP was the current creditor, when, in fact, it was not.  Defendants have, therefore, made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA.

20.     Defendants' violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

21.     Plaintiff, Anne Lindberg, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent AT&T Universal/Citicorp Credit SE consumer debt, allegedly owed to Resurgent Capital Services, via the same form collection letter that Defendants sent to Plaintiff (Exhibit C), from one year before the

4

date of this Complaint to the date of this complaint.  This action seeks a declaration that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Lindberg, in their attempts to collect delinquent consumer debts from other consumers.

23.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Lindberg.

24.     Plaintiff Lindberg's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26.     Plaintiff Lindberg will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action

complaint will not require extended contact with the members of the Class, because

Defendants' conduct was perpetrated on all members of the Class and will be

established by common proof.  Moreover, Plaintiff Lindberg has retained counsel

experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Anne Lindberg, individually and on behalf of all others similarly situated,

prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Lindberg as Class Representative of the Class, and her

attorneys as Class Counsel;

3.      Find that Defendants' form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff and the Class, and against the

Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA;  and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anne Lindberg, individually and on behalf of all others similarly situated,

demands trial by jury.

Anne Lindberg, individually and on
behalf of all others similarly situated,


By:_____ _____
One of Plaintiff's Attorneys

Dated:  June 8, 2010

6

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com